UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

    Plaintiff,                                              No. 20-13408

v.                                                   Honorable Nancy G. Edmunds

JEFF RISING,

    Defendant.
_____/

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [7]**

This is a civil rights case filed under 42 U.S.C. § 1983 by Plaintiff Wendell Shane Mackey against Defendant Jeff Rising, alleging a violation of his constitutional rights. The matter is before the Court on Defendant's motion for summary judgment. (ECF No. 7.) Plaintiff opposes the motion. (ECF No. 9.) Defendant filed a reply, (ECF No. 10), and Plaintiff filed a sur-reply after seeking and being granted leave from the Court to do so, (ECF No. 12). The Court finds the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Defendant's motion will be decided on the briefs and without oral argument. For the reasons set forth below, the Court DENIES IN PART and GRANTS IN PART Defendant's motion for summary judgment.

**I.    Background**

According to Plaintiff's complaint, in April of 2017, Plaintiff secured the requisite number of signatures on nominating petitions so he could run for City Commissioner of the city of Adrian, Michigan. Defendant was the City Commissioner at the time. Shortly

1

before the 2017 general election, on or about October 15, 2017, Plaintiff made several posts on social media, which included photos of Defendant "posing during his former tenure as a male stripper" as well as comments on Defendant's "reputation in the community for his prior activities involving illicit drug use and drug trafficking." (ECF No. 1, PageID.2-3.) In response to these posts, it is alleged Defendant became so incensed, he called Plaintiff's then 72-year old mother after midnight and stated "This is Jeff Rising. You better tell that motherfucking piece of shit son of yours that he better quit posting/putting on Facebook shit about me." (*Id.* at PageID.3.) In response to her inquiries, Defendant further stated "He's doing it right now and I'm telling you he better stop it or somebody is going to get hurt." (*Id.*)

Plaintiff filed this lawsuit against Defendant on December 29, 2020, bringing a First Amendment retaliation claim and a Fourteenth Amendment substantive due process claim. Defendant filed the present motion for summary judgment about one month after the complaint was filed and before any discovery began.

**II.   Summary Judgment Standard**

Summary judgment under Federal Rule of Civil Procedure 56(a) is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When reviewing the record, "'the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.'" *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (quoting *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). Furthermore, the "'substantive law will identify which facts are material,' and 'summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 327 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden "of establishing the 'absence of evidence to support the nonmoving party's case.'" *Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has met its burden, the nonmoving party 'must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor.'" *Id.* at 839 (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992)).

### III. Analysis

Defendant argues in his opening brief that he is entitled to summary judgment because Plaintiff's claims are time-barred. Alternatively, Defendant argues Plaintiff's substantive due process claim is duplicative of his retaliation claim. Plaintiff argues however that his claims are timely because the applicable statute of limitations was tolled by a number of state executive and administrative orders issued during the COVID-19 pandemic and that he has properly stated a substantive due process claim. In addition to disputing both contentions, Defendant argues in his reply that he was not acting under color of state law.[1]

### A. Whether Plaintiff's Claims are Time-Barred

The applicable limitations period for a § 1983 action is borrowed from the state's statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-50

---

[1] Defendant also states in cursory fashion for the first time in his reply that Plaintiff does not have standing for his substantive due process claim because Defendant spoke to his mother, not to him. The Court finds, however, that Plaintiff has alleged sufficient injury to confer standing.

(1989). The parties agree that a three-year statute of limitations applies to § 1983 actions in Michigan. *See Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). Because the time that lapsed between the date the conduct at issue here took place, October 15, 2017, and the date the present action was filed, December 29, 2020, was a period of three years and two-and-a-half months, Defendant avers this lawsuit must be dismissed as time-barred. Plaintiff argues, however, that his lawsuit is timely due to a number of Executive Orders issued by Governor Whitmer and Administrative Orders issued by the Michigan Supreme Court, which tolled the statute of limitations for civil cases in Michigan from March 10, 2020 to June 19, 2020. (*See* ECF Nos. 9-2, 9-3, 9-4, 9-5, 9-6.) Defendant argues these state orders do not apply to this lawsuit.

In a § 1983 civil rights action, "the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *see also Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 483 (1980) (stating that the "the federal courts were obligated not only to apply the analogous New York statute of limitations to respondent's federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations"). District courts in the Second Circuit have followed this general principle to hold that a similar New York executive order issued during the COVID-19 pandemic tolled the statute of limitations for purposes of § 1983 actions brought in federal court.[2] *See Bowers v. City of Salamanca*, No. 20-CV-1206-LJV, 2021 U.S. Dist. LEXIS 129406, at *14 (W.D.N.Y. July 12, 2021); *Bonilla v. City of New York*, No. 20 CV 1704 (RJD)(LB),

---

[2] It does not appear that any district court in the Sixth Circuit has addressed this issue.

4

2020 U.S. Dist. LEXIS 214410, at *4-5 (E.D.N.Y. Oct. 3, 2020), *affirmed by* 2020 U.S. Dist. LEXIS 211171 (E.D.N.Y. Nov. 12, 2020).  The Court similarly finds that the Michigan executive orders issued during the pandemic tolled the statute of limitations in this § 1983 action.  The case Defendant relies upon to argue that state executive orders do not apply in federal court is distinguishable.  There, the deadline at issue was set forth by the Federal Rules of Bankruptcy Procedure.  *See Ott v. Somogye (In re Somogye)*, No. 18-30927, 2020 Bankr. LEXIS 1972, at *3 (Bankr. N.D. Ohio July 28, 2020).  Here, there is no dispute the applicable limitations period is based on state law.  *See Wilson*, 471 U.S. at 269.  Because "all deadlines applicable to commencement of all civil and probate actions and proceedings" were tolled for a period of a little over three months, (ECF No. 9-6, PageID.78), Plaintiff's complaint was timely.

    **B.**    **Whether Defendant is Entitled to Summary Judgment Based on the Assertion He Was Not Acting Under Color of State Law**

Defendant argues that Plaintiff's claims must also be dismissed because he was not acting under color of state law when he allegedly made the threat.  "[A] public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law."  *West v. Atkins*, 487 U.S. 42, 50 (1988).  In other words, "Section 1983 is generally not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office."  *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001).  The inquiry as to whether a public employee was acting under color of state law is "fact-specific."  *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003).  "Although in certain cases, it is possible to determine the question whether a person acted under color of state

5

law as a matter of law, there may remain in some instances unanswered questions of fact regarding the proper characterization of the actions for the jury to decide." *Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980) (internal quotation marks and citations omitted).

Defendant states his actions were taken in pursuit of his personal relationship with Plaintiff's mother, not while he was acting in his official capacity or while exercising his responsibilities as City Commissioner. Defendant, however, brought the present motion prior to discovery being conducted and he does not point to any evidence that supports this contention. Accordingly, Defendant is not entitled to summary judgment on this basis at this early juncture of the case.

Because the Court has rejected both of Defendant's arguments that implicate Plaintiff's First Amendment retaliation claim, this claim withstands Defendant's motion for summary judgment. The Court now turns to the remaining arguments regarding Plaintiff's substantive due process claim.

### C. Whether Plaintiff Properly Brings a Substantive Due Process Claim

Defendant argues that Plaintiff's substantive due process claim should be dismissed as duplicative of his First Amendment retaliation claim. Plaintiff argues, however, that his due process claim is not predicated upon the deprivation of his First Amendment rights but rather on conduct that "shocks the conscience." In response, Defendant states Plaintiff has contradicted his own complaint by making this argument, but even if the Court were to overlook this contradiction, Plaintiff's substantive due process claim fails because verbal harassment or idle threats are insufficient to constitute a constitutional claim.

To bring a substantive due process claim based on conduct that "shocks the conscience," the plaintiff must demonstrate that the state actor engaged in conduct "so egregious that it can be said to be arbitrary in the constitutional sense." *Ewolski v. City of Brunswick*, 287 F.3d 492, 510 (6th Cir. 2002) (internal quotation marks and citation omitted). Whether particular conduct "shocks the conscience" depends on the facts and circumstances of the case. *Id.*

Generally, "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *See Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012). While *Wingo* involved correctional officers verbally harassing a prisoner and staring at him, *see id.*, courts have also found verbal abuse and even death threats in other contexts insufficient to create a substantive due process violation, *see, e.g.*, *Nuchols v. Berrong*, 268 F. App'x 414, 415, 418 (6th Cir. 2008) (sheriff's threat to plaintiff following her termination that he would "burn [her] house down, set [her] dog on fire and there won't be a member of [her] family left" may have been "shocking in the general sense" but did not rise to the level of a constitutional claim); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) (police officers' threat to kill the plaintiff on more than one occasion, telling the plaintiff's children they would never see their father again, and the refusal to allow the children to give their father a goodbye hug when he was arrested was "despicable and wrongful" but did not rise to the level of a constitutional claim); *see also Braley v. City of Pontiac*, 906 F.2d 220, 226 (6th Cir. 1990) (noting "[m]ost cases alleging police conduct that shocks the conscience have involved allegations of excessive force or physical brutality"). The Court therefore finds that the phone call and verbal threat Defendant is alleged to have made, while

offensive and inappropriate, similarly does not shock the conscience in a constitutional sense. Accordingly, the Court grants Defendant's motion for summary judgment as to Plaintiff's substantive due process claim.

## IV.     Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is DENIED IN PART and GRANTED IN PART. Plaintiff's retaliation claim survives this motion, but his substantive due process claim is dismissed.

SO ORDERED.

                         s/Nancy G. Edmunds
                         Nancy G. Edmunds
                         United States District Judge

Dated: September 3, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 3, 2021, by electronic and/or ordinary mail.

                         s/Lisa Bartlett
                         Case Manager