UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

      Plaintiff,                                                  No. 20-13408

v.                                                             Honorable Nancy G. Edmunds

JEFF RISING,

      Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS [52]
AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

In this civil rights case filed under 42 U.S.C. § 1983, Plaintiff Wendell Shane Mackey alleges Defendant Jeff Rising violated his First Amendment rights. The matter is before the Court on Plaintiff's objections to an order issued by Magistrate Judge David R. Grand granting in part Plaintiff's motion to compel. (ECF No. 52.) Being fully advised in the premises, having read the pleadings, and for the reasons below, the Court OVERRULES the objections and AFFIRMS the Magistrate Judge's order.

**I.**    **Standard of Review**

Under both 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district judge may reconsider any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous" or "contrary to law."[1] The clearly erroneous standard

---

[1] Plaintiff incorrectly cites to the standard in Federal Rule of Civil Procedure 72(b), which provides for a de novo review of any part of a magistrate judge's report and recommendation on a dispositive motion that has been properly objected to. Here, Plaintiff's motion was non-dispositive, the Court referred the motion to the Magistrate Judge for a hearing and determination under § 636(b)(1)(A) (ECF No. 40), and Magistrate Judge Grand appropriately issued an order, not a report and recommendation.

1

applies only to the magistrate judge's factual findings.  *Visteon Global Techs., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524-25 (E.D. Mich. 2012) (internal quotations and citations omitted).  A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  If two or more permissible views of the evidence exists, a magistrate judge's decision cannot be clearly erroneous.  *See Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).  The magistrate judge's legal conclusions are reviewed under the contrary to law standard.  *Visteon Global Techs.*, 903 F. Supp. 2d at 524-25 (internal quotations and citations omitted).  "A legal conclusion is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Robinson v. Allstate Ins. Co.*, No. 09-10341, 2011 U.S. Dist. LEXIS 81316, at *6 (E.D. Mich. July 26, 2011) (citation omitted).  The Court must use independent judgment when reviewing a magistrate judge's legal conclusions.  *Id.*

II.   **Analysis**

In the underlying motion, Plaintiff moved the Court to hold third-parties Michigan Municipal League ("MML"), the MML Pool Claims, and Meadowbrook, Inc. d/b/a Meadowbrook Claims Service in contempt, compel production of certain documents pursuant to a subpoena duces tecum, and award discovery sanctions.  (ECF No. 39.)  Ameritrust Group, Inc., the parent company of Meadowbrook, filed a response opposing the motion.  (ECF No. 44.)  Following a hearing, the Magistrate Judge granted in part the motion, ordering that Plaintiff be provided with a privilege log for the redacted

correspondence in the "Claim Notes" file during a certain time period, but denied the motion in all other respects.[2]  (ECF No. 51.)

Plaintiff now objects.  (ECF No. 52.)  He argues that certain communications in the "Claims Note" file are not protected by the attorney-client privilege or attorney work product doctrine.  Ameritrust Group has filed a notice stating that because Rule 72(a) is silent on filing a response to a party's objection to an order issued by a magistrate judge on a non-dispositive motion, it relies on its response to Plaintiff's original motion and the Magistrate Judge's order.  (ECF No. 53.)  It does note, however, that Plaintiff seems to be objecting to the privilege log that was produced following issuance of the Magistrate Judge's order and thus the appropriate course of action would have been filing another motion, not objections to the order.

The Court notes that Eastern District of Michigan Local Rule 72.1(d) gives a party fourteen days to respond to objections filed under Rule 72, without drawing a distinction between Rule 72(a) and Rule 72(b).  Thus, the response is properly before the Court.  The Court agrees with Ameritrust Group.  At the time of the Magistrate Judge's order, Plaintiff had not yet been provided with a privilege log for the "Claims Note" file.  To the extent Plaintiff now disagrees with the assertions of privilege in that log, Plaintiff may file a new motion.  Plaintiff's objections do not otherwise lead to a conclusion that any portion of the Magistrate Judge's order was clearly erroneous or contrary to law.  Thus, Plaintiff's objections are overruled.

---

[2] The Magistrate Judge's written order referred to "the detailed reasons discussed on the record."  The transcript of the motion hearing can be found at ECF No. 54 and has been reviewed by the Court.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's objections are OVERRULED, and the Magistrate Judge's order is AFFIRMED.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: November 4, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2022, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager