UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

                  Plaintiff,                                 No. 20-13408

v.                                             Honorable Nancy G. Edmunds

JEFF RISING,

                  Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT TO ADD SUPPLEMENTAL STATE LAW CLAIMS [37] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [38]**

In this civil rights case filed under 42 U.S.C. § 1983, Plaintiff Wendell Shane Mackey alleges Defendant Jeff Rising retaliated against him in violation of his First Amendment rights. Before the Court are Plaintiff's motion for leave to file a first amended complaint to add supplemental state law claims (ECF No. 37) and Defendant's motion for summary judgment (ECF No. 38). Both motions have been responded to (ECF Nos. 42, 47, 48), and Defendant has filed a reply in support of his motion (ECF No. 50). Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motions will be decided on the briefs and without oral argument. For the reasons below, the Court DENIES Plaintiff's motion to amend and GRANTS Defendant's motion for summary judgment.

I.    **Background**[1]

Plaintiff is a former resident of the city of Adrian. Starting in about 2011, he took an interest in local politics, maintained an anonymous blog entitled "Exposing Adrian,"

_____

[1] The Court will summarize only the facts necessary to understand the disposition of this case.

and attended City Council meetings.  (ECF No. 48, PageID.1284.)  In April of 2017, Defendant was a City Commissioner in Adrian, and Plaintiff was a candidate for that position.  Shortly before the election, on October 15, 2017, Plaintiff posted on Facebook a photo of Defendant "taken during his tenure as a male stripper" with a caption stating in part, "Here's our morally corrupt, former cocaine using City Commissioner Jeffrey Rising next to his convicted felon buddy . . . ."  (*Id.* at PageID.1286, 1401.)  In response, it is alleged Defendant became so incensed, he called Plaintiff's then 72-year old mother and stated "This is Jeff Rising.  You better tell that motherfucking piece of shit son of yours that he better quit posting/putting on Facebook shit about me."  (ECF No. 1, PageID.3.)  In response to her inquiries, Defendant stated "He's doing it right now and I'm telling you he better stop it or somebody is going to get hurt."  (*Id.*)  Defendant acknowledges calling Plaintiff's mother but denies making any type of threat.  (ECF No. 38-1.)  The call took place on a Sunday at about 12:30 a.m. using Defendant's personal cell phone.  (*Id.*)

Plaintiff's complaint included a First Amendment retaliation claim and a Fourteenth Amendment substantive due process claim.  Defendant moved for summary judgment about one month after the complaint was filed and before any discovery began.  The Court denied the motion as to the retaliation claim but granted the motion as to the due process claim.  (ECF No. 13.)  Plaintiff now moves for leave to add state law claims, and Defendant again moves for summary judgment on the retaliation claim.

## II.    Plaintiff's Motion for Leave to Amend

### A.    Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "should [be] freely give[n] . . . when justice so requires."  "[T]he thrust of Rule 15 is that cases should

be tried on their merits rather than the technicalities of pleadings." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (internal quotations and citation omitted). The decision to permit amendment to a pleading is committed to the discretion of the trial court. *Id.* "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (internal quotations and citation omitted).

**B.   Analysis**

Plaintiff seeks leave to add state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.  Plaintiff recognizes that the only basis for jurisdiction over these state law claims in this federal action between nondiverse parties is supplemental jurisdiction but argues that the Court should grant leave due to Defendant's argument that he was not acting under color of state law when he made the phone call to Plaintiff's mother.[2]  Defendant opposes Plaintiff's motion, arguing in part that the proposed amendment would be "significantly" prejudicial because discovery closed months prior to the filing of the motion, the additional claims were not contemplated in the original complaint, and Defendant has already filed a motion for summary judgment on Plaintiff's remaining constitutional claim.

The timing of Plaintiff's motion weighs heavily against granting leave to amend. Plaintiff has been aware that Defendant denies acting under color of state law since the

---

[2] To establish a claim under § 1983, Plaintiff must prove that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

time he filed his answer—less than one month after commencement of this lawsuit—and yet Plaintiff did not seek leave to add state law claims until over eighteen months later. This was months after discovery was closed and on the eve of the dispositive motion deadline.  Moreover, courts often choose not to retain supplemental jurisdiction over state law claims when all federal claims are dismissed before trial, as will be the case here. *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  And even if Plaintiff's remaining constitutional claim was going to survive summary judgment, the Court would decline to exercise supplemental jurisdiction over any state law claims due to the risk of jury confusion.  *See* § 1367(c)(4); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).  Choosing not to exercise supplemental jurisdiction over state law claims is a proper ground upon which to deny leave to amend.  *See FDIC v. Project Dev. Corp.*, No. 86-5490, 1987 U.S. App. LEXIS 6748, at *10-11 (6th Cir. May 27, 1987).  Thus, the Court denies Plaintiff's motion for leave to add his state law claims in this case.[3]

## III.   Defendant's Motion for Summary Judgment

### A.   Legal Standard

Summary judgment under Federal Rule of Civil Procedure 56(a) is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  When reviewing the record, "'the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.'"  *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir.

---

[3] Defendant also argues that adding the proposed state law claims would be futile. In light of the Court's conclusion that denial of leave is warranted here, the Court need not address Defendant's arguments regarding the merits of Plaintiff's state law claims.

4

2013) (quoting *Tysinger v. Police Dep't of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). Furthermore, the "'substantive law will identify which facts are material,' and 'summary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* at 327 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party bears the initial burden "of establishing the 'absence of evidence to support the nonmoving party's case.'"  *Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  "Once the moving party has met its burden, the nonmoving party 'must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor.'"  *Id.* at 839 (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992)).

**B.     Analysis**

Defendant argues that he was not acting under color of state law when he made the underlying phone call.[4]  Plaintiff responds by arguing that Defendant is estopped from making this argument, and there are genuine issues of material fact regarding whether Defendant was acting under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299,

---

[4] Defendant also argues that his conduct does not amount to a deprivation of a constitutional right, and he is entitled to the defense of qualified immunity.  Because the Court agrees with Defendant regarding a lack of state action in this case, it need not address these arguments.

5

326 (1941)).  "[A] public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.  While state employment is generally sufficient to render a defendant a state actor, "not every action undertaken by a person who happens to be a state actor is attributable to the state." *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001).  Instead, the conduct that allegedly violated the Constitution "must be 'fairly attributable' to the state."  *Id.* at 359 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "[T]he controlling issue is whether [the defendant] possessed state authority and whether [he] purported to act under that authority."  *Dean v. Byerley*, 354 F.3d 540, 553 (6th Cir. 2004).

### 1.     Whether Defendant is Estopped from Asserting He Was Not Acting Under Color of State Law

Plaintiff argues that Defendant is estopped from asserting that he was not acting under color of state law in light of the fact that he requested, and was granted, a taxpayer funded legal defense in this matter.  Plaintiff invokes both principles of judicial estoppel and waiver.

Plaintiff raised a similar argument in a previous motion entitled "motion to enjoin use of public funds for the defense of this action," (ECF No. 23), and it was rejected by Magistrate Judge David R. Grand, (ECF No. 34).[5]  The Court now finds that Defendant's request for a defense was not contradictory to his argument regarding a lack of state action.  *See Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000) ("Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and

---

[5] In denying that motion, Magistrate Judge Grand found that Plaintiff's assertion regarding Defendant acting under color of state law was sufficient to trigger the public defense.  Plaintiff did not object to that ruling.

then relying on a contradictory argument to prevail in another phase."). Nor did Defendant's acceptance of a defense constitute a knowing and intelligent relinquishment of his current argument. *See Wood v. Milyard*, 566 U.S. 463, 470 n.4 (2012). In sum, neither judicial estoppel nor waiver prevent Defendant from arguing he was not acting under color of state law. Ultimately, whether there was state action is a "fact-specific" inquiry and does not turn on anyone's subjective belief.[6] *See Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003). Thus, this issue is properly before the Court.

### 2.     Whether there are Questions of Fact Regarding the Existence of State Action

Defendant argues that his actions were taken in pursuit of his personal relationship with Plaintiff's mother as a fellow real estate agent, not while acting in his official capacity or exercising his responsibilities as City Commissioner. Plaintiff responds by arguing there are questions of fact regarding whether Defendant was acting under color of state law. He notes that Defendant used his personal cell phone to conduct official state business and that the topic of conversation during the phone call related to Defendant's role as an elected public official.

The Court finds no state action in this case. The phone call was made outside the course and scope of Defendant's duties as a City Commissioner in the City of Adrian. And there is no evidence Defendant purported to act under his authority during the call or

---

[6] Plaintiff also brought a motion to compel the production of certain documents pursuant to a subpoena directed towards the third party that provided Defendant with a defense in an attempt to discover whether he had claimed to be acting as a state actor when requesting that defense. (ECF No. 39.) In addressing that motion, Magistrate Judge Grand noted that Defendant's subjective belief does not answer the legal question of whether he was acting under color of state law. (*See* ECF No. 54.) Plaintiff objected to the Magistrate Judge's ruling on separate grounds, but the Court overruled those objections and affirmed the order. (ECF No. 55.)

threatened Plaintiff's mother with any type of state-sanctioned punishment.  *Compare Dean*, 354 F.3d at 553 (finding state action where the defendant, who was Regulation Counsel for the State Bar of Michigan, stated that the plaintiff would never be allowed to practice law in the state of Michigan due to his picketing and sent the plaintiff a letter on State Bar of Michigan letterhead threatening him with arrest) *with Kinross Charter Twp. v. Osborn*, No. 2:06-cv-245, 2007 U.S. Dist. LEXIS 88557, at *27 (W.D. Mich. Dec. 3, 2007) (finding no state action where one of the defendants, who was the Township Supervisor, attempted to hit the plaintiff with a car and called him a "stupid ass"). That Defendant was not discussing any personal or real estate business with Plaintiff's mother and was instead demanding she tell her son to take down the unflattering posts about him, which were made as a result of his position, does not lead to a conclusion that his conduct can be fairly attributable to the state.  *Cf. Lindke v. Freed*, 37 F.4th 1199, 1205 (6th Cir. 2022) (rejecting the argument that the use of a personal Facebook account by the defendant, who was the city manager, to communicate with constituents rendered activity on that page state action by reasoning that "[w]hen [the defendant] visits the hardware store, chats with neighbors, or attends church services, he isn't engaged in state action merely because he's 'communicating'—even if he's talking about his job").

Plaintiff takes issue with Defendant's "self-serving" claim that he was not acting in his official capacity when he called Plaintiff's mother.  However, the Court has not relied on this testimony in reaching its conclusion.  Instead, the Court has reviewed the record and finds no "unanswered questions of fact regarding the proper characterization of [Defendant's] actions for the jury to decide."  *See Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980) (holding that "in certain cases" state action may be decided "as a matter of

law") (internal quotations and citations omitted); *see also Lindke*, 37 F.4th at 1202 n.1 (stating that "the existence of state action . . . is a question of law").  Because Defendant did not act under color of state law when he made the phone call, he is entitled to summary judgment on Plaintiff's First Amendment retaliation claim.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for leave to add supplemental state law claims is DENIED, and Defendant's motion for summary judgment as to Plaintiff's remaining constitutional claim is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge


Dated: November 29, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 29, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager