UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

        Plaintiff,                                No. 20-13408

v.                                                     Honorable Nancy G. Edmunds

JEFF RISING,

        Defendant.

_____/

**ORDER DENYING "PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND FOR ORDER OF DISGORGEMENT OF DEFENDANT'S UNJUST ENRICHMENT THROUGH THE FRAUDULENT USE AND EXPENDITURE OF TAXPAYER FUNDS"**
**[60]**

This civil rights case filed under 42 U.S.C. § 1983 stems from a threatening phone call allegedly made by Defendant Jeff Rising, a former City Commissioner in the City of Adrian, to Plaintiff Wendell Shane Mackey's mother.  On November 29, 2022, the Court entered an opinion and order dismissing Plaintiff's First Amendment retaliation claim and a judgment closing this case based on its finding that Defendant was not acting under color of state law when he made the call.  (ECF Nos. 56, 57.)  Plaintiff has since filed a notice of appeal with the Sixth Circuit Court of Appeals.  (ECF No. 58.)  Plaintiff has also filed the present motion, seeking relief from judgment under Federal Rule of Civil Procedure 60(b) or, alternatively, an order of disgorgement of "Defendant's unjust enrichment through the fraudulent use and expenditure of taxpayer funds."  (ECF No. 60.)  Defendant opposes the motion.  (ECF No. 61.)  Plaintiff has filed a reply.  (ECF No. 62.)  Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument.  For the reasons below, the Court DENIES Plaintiff's motion.

1

I.   **Plaintiff's Request for Relief from Judgment**

Plaintiff points to remarks made by Defense counsel after the Court issued its decision in this case as the basis for his request for relief. Defendant argues that the Court does not have jurisdiction to grant Plaintiff's motion in light of the pending appeal and that even if it did have jurisdiction, Plaintiff is not entitled to the relief he seeks.

A.   **Jurisdiction**

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citation omitted). Thus, the Court may not "alter the status of the case as it rests before the Court of Appeals." *United States v. Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013) (internal quotations and citation omitted).

Because Plaintiff has filed a notice of appeal with the Sixth Circuit, the Court does not have jurisdiction to set aside its prior judgment. Under Federal Rule of Civil Procedure 62.1(a), however, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Court will, therefore, consider the motion on the merits to determine which course of action it will take under Rule 62.1.

B.   **Denial on the Merits**

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment or order for the following reasons:

2

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff relies on Rule 60(b)(2), (3), and (6) as the basis for his motion.

The so-called newly discovered evidence is the following excerpt of remarks made by Defense counsel at a public meeting following the Court's issuance of its decision:

> **The City of Adrian** had a *very* good week in, uh, state and federal court last week. Uh. The first thing I would like to report is that a lawsuit, uh, pending in the United States District Court for the Eastern District of Michigan, or federal court, **against the city and one of the former commissioners**, uh, was dismissed by Judge Nancy Edmunds in a very, what I would consider, a well-reasoned opinion. **We** have been fighting with a local resident for several years now. Um. Who had, uh, made various complaints all of which were dismissed by the Court. So that a was a very nice win, quite frankly.

(*See* ECF No. 60, PageID.1721 (emphasis and bold in original).)

These remarks do not provide a basis for relief. First, they cannot be considered newly discovered evidence because they had not been made at the time judgment was entered. *See Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990). Nor do these remarks constitute fraudulent conduct or the type of "exceptional or extraordinary circumstances" that would warrant relief under Rule 60(b)(6). *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Moreover, Defense counsel's statement regarding a case against the City of Adrian and one of its former commissioners being dismissed does not constitute an admission that Defendant was acting under color of state law when he made the phone call. As the Court noted in

3

its previous order, the question of whether there was state action is a "fact-specific" inquiry and does not turn on anyone's subjective belief. *See Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003). Thus, Defense counsel's remarks do not alter the Court's prior conclusion; Plaintiff's request for relief from the judgment dismissing this case is denied.

## II.     Plaintiff's Request for an Order of Disgorgement

Plaintiff alternatively seeks an order of disgorgement of the taxpayer funds used to defend this action, arguing that if Defendant was not acting under color of state law when he made the call, he improperly obtained a taxpayer funded legal defense in this matter. Plaintiff raised a similar argument in a "motion to enjoin use of public funds for the defense of this action" filed earlier in this case. (ECF No. 23.) Magistrate Judge Grand denied that motion, finding that Plaintiff's assertion regarding state action was sufficient to trigger a public defense. (ECF No. 34.) Plaintiff did not object to that order. Plaintiff may now believe that the Court's ruling regarding a lack of state action compels a contrary conclusion, but he does not cite any authority that would allow this Court to resolve what is essentially an insurance coverage issue between Defendant and the entity that provided him with a defense—the Michigan Municipal League Liability and Property Pool—in the context of a post-judgment motion filed by Plaintiff in this § 1983 action. Thus, Plaintiff's request for an order of disgorgement is denied.

## III.    Conclusion

For the foregoing reasons, Plaintiff's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 17, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 17, 2023, by electronic and/or ordinary mail.

                                              s/Lisa Bartlett
                                              Case Manager